JOHN R. HORNE

*vs.*

C. P. STEVENS, AND LEWISTON STEAM MILL COMPANY, trustee.

PASCHAL M. MORGAN *vs.* SAME.

CHARLES C. GERRISH and another *vs.* SAME.

Androscoggin. Opinion March 8, 1887.

*Trustee process. Assignment of part of the fund.*

Equity recognizes the validity of an assignment of a part of a claim, and the assignee may avail himself of the equitable principle, in a trustee process, in which he appears as claimant of a part of the fund.

*Bank* v. *McLoon*, 78 Maine, 498, affirmed.

ON exceptions by Charlotte Rowell, the claimant of part of the fund in the possession of the trustee.

The presiding justice found the following facts:

Stevens, the principal defendant, had a claim against the trustee prior to September 10, 1883, of twelve hundred dollars. About that time Stevens wished to take up two notes he had negotiated to the claimant, Rowell, amounting to some over two hundred dollars, and to obtain money of her to make up the whole amount to three hundred dollars. He thereupon made the following assignment:

(Assignment.)

"Lunenburg, Sept. 10, 1883.

"For a valuable consideration I sell, assign and transfer all the account I have or hold against the Lewiston Steam Mill Company, of Lewiston, Maine, the same I bought of George M. Smith of Stark, Coos county, that is now in suit in the Coos county court, reserving the right to prosecute and carry on the said suit and to bring it to a close as quick and as cheap as possible.      C. P. Stevens."

(Indorsements.)

"The transfer of C. P. Stevens. September 10, 1883. Received three hundred dollars of Charlotte Rowell.

C. P. Stevens."

No notice was given the trustee of any such assignment until after the attachment, but notice was given before the disclosure. The assignment was, in the opinion of the judge, not made for security, but was an outright sale, if anything, of three hundred dollars, out of the claim against the trustee. The judge thereupon ruled that the claimant could not hold any part of the fund against the plaintiffs.

To which ruling the claimant alleged exceptions.

*R. N. Chamberlain,* for plaintiff.

This court have decided that an assignment of part of an entire chose in action cannot be upheld in a court at law, against the consent of the person owing the demand assigned. *Mandeville* v. *Welch,* 5 Wheat. 277; *Tiernan* v. *Jackson,* 5 Pet. 580; *Gibson* v. *Cooke,* 20 Pick. 15; *Robbins* v. *Bacon,* 3 Maine, 346.

And that an assignment of part of an entire chose in action will be upheld in a court of equity. *Bank* v. *McLoon,* 73 Maine, 498.

In *Bartlett* v. *Pearsons,* the case finds that the debtor had notice of the assignment. The court say : " The assignment made by Lawrence to his creditor, conveyed the equitable title to the balance due from defendant to Lawrence, at the time when defendant had notice of the assignment." 29 Maine, 15. In *Hardy* v. *Colby,* the administratrix had notice of the assignment before the service of the trustee process upon her, 42 Maine, 382; also *Pollord* v. *Insurance Co.* 42 Maine, 224. In last case, defendant had notice and assented to the assignment. *Garnsey* v. *Gardner,* 49 Maine, 167, is not in point, as this was an action between assignor and assignee.

There are some cases that hold that an equitable assignment of a fund is good against the assent of the debtor, and as we read the case of *Bank* v. *McLoon,* (the case relied on by claimant's counsel) that is all the court decides. There are many cases in the different states that support our view, and we

respectfully ask the attention of the court to the following: *Conway* v. *Cutting*, 51 N. H. 407; *Garland* v. *Harrington*, 51 N. H. 409; *Farmers' Bank* v. *Drury*, 35 Vt. 469; *Peck* v. *Walton*, 25 Vt. 33; *Webster* v. *Moranville*, 30 Vt. 701; *Dale* v. *Kimpton*, 46 Vt. 76; *Holmes* v. *Clark*, *Idem*. 22; *Austin* v. *Ryan*, 51 Vt. 113; *Vanbuskirk* v. *Hartford Ins. Co.* 14 Conn. 144; see also *Hawley* v. *Bristol*, 39 Conn. 27; *Foster* v. *Mix*, 20 Conn. 400; *Peters* v. *Goodrich*, 3 Conn. 146; *Woodbridge* v. *Perkins*, 3 Day, 364; *Manwaring* v. *Griffing*, 5 Day, 561; *Judah* v. *Judd*, *Idem*. 534; *St. John* v. *Smith*, 1 Root, 157.

We think the court must have had this distinction in mind when considering the case of *Bank* v. *McLoon*, as in all the cases cited in support of the doctrine in *Bank* v. *McLoon*, both English and American, which we have had an opportunity to examine, notice of assignment was given, although the debtor in some refused to be bound by the assignment. *Brice* v. *Bannister*, 3 Q. B. Div. 569, is a case in point.

We have examined *Milliken* v. *Loring*, 37 Maine, 408, cited by claimant's counsel, and cannot see how it is authority as claimed. The court simply decide that if the trustee have notice of any claim, by third parties, it is his duty to disclose it to the court to protect himself.

*Twitchell and Abbott*, also for plaintiff.

*W. and H. Heywood*, for claimant, cited: *Bartlett* v. *Pearson*, 29 Maine, 9; *Hardy* v. *Colby*, 42 Maine, 381; *Pollard* v. *Som. Ins. Co.* 42 Maine, 221; *Garnsey* v. *Gardner*, 49 Maine, 167; *Bank* v. *McLoon*, 73 Maine, 498; *Milliken* v. *Loring*, 37 Maine, 408; *Bunker* v. *Gilmore*, 40 Maine, 88; *Larrabee* v. *Knight*, 69 Maine, 320; R. S., c. 86, § 32.

PETERS, C. J. This case is governed by the case of *Bank* v. *McLoon*, 73 Maine, 498. The judge who heard the evidence decided, as matter of fact, that the principal defendant had assigned a part of his debt against the trustee to the claimant. Precisely that fact existed in the case referred to. Notice of

the assignment was given to the trustee before his disclosure, which in our practice was seasonable.

*Exceptions sustained.*

WALTON, VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.